IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHARLES BROWN                                                      PLAINTIFF

v.                          Civil No. 05-3024

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff Charles Brown brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for a period of disability, disability insurance benefits, and supplemental security income under the provisions of Title II and Title XVI of the Social Security Act. The defendant filed an answer to the complaint on June 30, 2005.

On September 9, 2005, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. The defendant states that upon remand, the Appeals Council will instruct the ALJ to reevaluate plaintiff's mental impairment after properly considering all of the medical evidence and reevaluate the onset date of plaintiff's disability. We have telephonically verified that plaintiff's attorney has no objection to the motion.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider, new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that

"[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S.292, 296, 113 S.Ct. 2625 (1993).

Here, we remand this case so that the ALJ may reevaluate plaintiff's mental impairment and onset date of disability. Accordingly, we direct that judgment be entered remanding this case to the Commissioner pursuant to "sentence four" of 42 U.S.C. § 405(g).

If plaintiff wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed within 30 days after the judgment becomes "non appealable," i.e., 30 days after the 60-day time for appeal has entered. *See Shalala v. Schaefer*, 509 U.S. at 302; 28 U.S.C. § 2412(d)(1)(B),

**CONCLUSION**

Based on the foregoing, we find remand appropriate and grant the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 12th day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE