IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHARLES E. BROWN                                                                PLAINTIFF

v.                              Civil No. 05-3024

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                  DEFENDANT

**O R D E R**

Plaintiff Charles E. Brown appealed the Commissioner's denial of benefits to this court. On September 12, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of $1,053.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), requesting compensation for 7.25 hours of work before the court at an hourly rate of $140.00 per hour and reimbursement of $38.50 for copies and postage. Plaintiff's counsel sought $140.00 an hour based on an increase in the cost of living. Defendant has filed a response, stating she has no objection to the fee award.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the

Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour" *Id*. at F.2d 503. Plaintiff's counsel attached a summary of the Consumer Price Index as an exhibit to his motion for attorney's fees and has presented evidence of an increase in the cost of living. Therefore, his argument for enhanced fees, based on a cost of living increase, has merit. We find plaintiff's attorney entitled to an enhanced fee based upon a rise in the cost of living.

This court believes that an hourly fee of $140.00 per hour would appropriately enhance the mandated hourly fee to reflect the increase in cost of living and promote consistency in the EAJA awards in the judicial districts of Arkansas. See *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990). We further find that plaintiff's attorney is entitled to be compensated under EAJA for 7.25 hours, the number of hours of work he indicates he expended on this case at the district court level. Plaintiff also seeks reimbursement of $38.50 in expenses for postage and copies. Such expenses are recoverable under EAJA. See *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we hereby award plaintiff's attorney fees and costs under EAJA in the amount of 1,053.50, representing 7.25 hours of work at a rate of $140.00 per hour and $38.50 in costs. This amount should be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future.

IT IS SO ORDEREDDATED this 10th day of March 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE